Curia, per

Evans, J.
Our decisions, continued through a long series of years, fully establish, as settled law, that where a full price is paid for a negro, and it is afterwards discovered that the negro was diseased at the time of the sale, the purchaser may recover back the purchase money, or have an abatement in the price, according to the degree of unsoundness. This is equally the case, whether there be an express warranty or not; the law in the latter, case implies a'warranty from the fact that a full price has been paid. It is equally well settled, that the purchaser may recover on the implied warranty of soundness, although he has taken'-an express warranty of title. None of these decisions have I any disposition or intention to assail, although if the questions'were now made for the first time, the propriety of them might well be doubted..
The plaintiff’s right to recover rests upon a presumption of law ; the law, in the absence of proof to the contrary, presumes, from the fact that a full price was paid, that the seller intended to warrant the soundness of the property. But this, is a naked presumption,' and may be re *333 butted by proof to the contrary, or by circumstances which may lead to a contrary conclusion. Thus there can be no doubt that an express declaration that the seller will not warrant, effectually destroys the presumption. So, also, it has always been held, that where the unsoundness was known to the buyer, he could maintain no action on the implied warranty. Besides these, there are many other facts which, although not so conclusive, go to rebut the presumption. Among these is the omission to insert the warranty in the written contract, where there is one. If the purchaser takes no written warrant, he trusts wholly to his implied warranty, both as to health and soundness; but where he takes a written-warranty of health, and omits the warranty as to soundness, it is certainly a fair argument to deduce from this the inference that there was an absence of intention to warrant beyond what is contained in the written title. I do not say that the presumption is conclusively rebutted by this; but it is a circumstance entitled to consideration, and should; be presented always to the notice of the jury. The evidence in this case is, that the disease was chronic, and had existed, the doctors thought, for thirteen years at least. Oaldwell told Gadsden he knew her well, she was unsound, he had her in his service, and the woman herself declared at the sale she was unsound. If these facts are true, there can be-no doubt that Caldwell took the risk of soundness on himself, and his omission to. have the clause of warranty of soundness inserted in the title, would seem to lead to the conclusion that no warranty of soundness was intended or expected. But it is said that every thing which happened at the time of the sale is established by the evidence of Gadsden, the auctioneer, alone, and that the jury were the proper judges of the extent to which they could confide in his recollection of the facts. This is' true, and if that were the only circumstance, I should be disposed to let the verdict stand, as we have done in many other cases. But there are other circumstances. It appears from the evidence of Schroudy, that she had been in the employment of Caldwell and his family, and it is a fair inference that the existence of this chronic disease was known to him, or at least that he Imew she was unhealthy, and should not have purchased *334 without the security of a warranty. Besides this, it does not appear that the important fact, that he took a written warranty of title without a warranty of soundness, was brought to the view of the jury as one of the facts which, connected with the others, would lead to the conclusion there was no warranty intended or expected. The motion is therefore granted.
O’Neall, Butler and Wardlaw, JJ., concurred.
Earle, J., absent.